UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 08-00074 |
| VERSUS | JUDGE HAIK |
| CHARLES BROOKS | MAGISTRATE JUDGE HANNA |

*ORDER*

Before the court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Rec. Doc. 156). In his motion, petitioner argues his counsel was ineffective as he failed to timely file an appeal with the Fifth Circuit Court of Appeals. Petitioner asks the court to reinstate the trial court judgment in order to allow him to seek a direct appeal as outlined in United States v. West, 240 F.3d 456 (5th Cir. 2001).

In addition, petitioner asks the court to hold his habeas petition in abeyance pending the outcome of the appeal, as he is concerned that any habeas petition filed after the ruling of the appellate court will be deemed successive, and foreclose or limit his abilities to raise certain errors.[1] Petitioner asserts that recent jurisprudence holds that dismissal without prejudice of a § 2255 motion does not exempt any subsequently filed habeas motion from being deemed successive if any claim on the merits was adjudicated

---

[1] *Memorandum in Support of Motion Under 28 U.S.C. § 2255* (Rec. Doc. 156-1), p. 4, citing United States v. Orozco-Ramirez, 211 F.3d 862, 871 n. 15 (5th Cir. 2000).

1

in the first one, as would be the case here.[2]  Petitioner argues he is handicapped in bringing all of his potential § 2255 claims "because, unlike the typical § 2255 movant, Mr. Brooks has not had the advantage of having his case initially assessed by an appellate lawyer and has not had an opportunity to review any transcripts of the trial court proceedings, as those have yet to be ordered."[3]

The government in reply agrees with the position of petitioner that he was denied effective assistance of counsel on appeal.  Apparently, through a failure of communication between withdrawing trial counsel, the federal public defender's office, and counsel appointed on appeal, who is representing petitioner in this habeas proceeding, no timely notice of appeal was ever filed.  The government, citing United States v. Tapp, 491 F.3d 263, 265 (5th Cir. 2007), notes that failure to file a requested notice of appeal is *per se* ineffective assistance of counsel.  Therefore, the government also requests the court to grant an out-of-time appeal, reinstate the judgment of conviction on the docket, and advise the defendant to file a notice of appeal within 10 days of reinstatement.[4]

---

[2] *Reply to Government's Answer to § 2255 Motion* (Rec. Doc. 163), citing United States v. Juarez-Sanchez, 223 Fed. Appx. 348 (5th Cir. 2007) and Thompson v. United States, 2010 WL 3782028 (E.D. Tex. 2010).

[3] *Memorandum in Support of Motion Under 28 U.S.C. § 2255* (Rec. Doc. 156-1), p. 4. Petitioner has submitted a letter requesting transcripts (Rec. Doc. 153), however, that request has apparently not been acted upon as of this date.

[4] *Answer of the United States to Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, p. 5-6,* citing Mack v. Smith, 659 F.2d 23, 25 (5th Cir. 1981); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982); United States v. West, 240 F.3d 456, 459-462 (5th Cir. 2001); and United States v. Orozco-Ramirez, 211 F.3d 862, 867 n. 6 (5th Cir. 2000).

However, the government does not recommend any particular course of action with regard to the issue of preserving petitioner's future ability to bring a habeas petition.

***Applicable Law and Discussion***

The Fifth Circuit discussed the jurisprudence surrounding failure to file a timely notice of appeal and ineffective assistance of counsel as follows:

> In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court held that the failure to file a requested NOA is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. Id. at 483-86, 120 S.Ct. 1029. When an attorney fails to file a NOA when requested to do so, then, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. Id. at 477-78, 120 S.Ct. 1029. The Court indicated that it would be unfair to require a litigant to argue in a § 2255 proceeding that his appeal would have had merit. Id. at 486, 120 S.Ct. 1029. Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. Id. at 484, 486, 120 S.Ct. 1029.

United States v. Tapp, 491 F.3d 263 (5th Cir. 2007)(footnotes omitted).

The jurisprudence supports the position of the government and petitioner that his counsel was ineffective for failing to file a timely notice of appeal. Therefore, on this particular claim as it is now presented, the undersigned would recommend that the court grant an out-of-time appeal, reinstate the judgment of conviction on the docket, and advise the defendant of his right to file a notice of appeal within 10 days of that reinstatement as outlined in United States v. West, 240 F.3d 456, 459-462 (5th Cir. 2001).

However, more problematic is the request by petitioner that his petition be held in abeyance pending the appeal and that he be allowed to amend the petition following

completion of the appellate process to assert whatever claims he may have, both at the trial and appellate level.

Under existing jurisprudence in the Fifth Circuit, it is likely that any § 2255 petition filed after his appeal that raises issues other than those which could not be raised at this time, will be deemed "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). This is so because the petitioner will have already filed a § 2255 petition that raised an issue of merit – ineffective assistance of counsel for failure to file a notice of appeal – for which he will have received a ruling. See United States v. Orozco -Ramirez, 211 F.3d 862, 867, fn. 6 (5th Cir. 2000) (Reentering a judgment of conviction to allow an out of time direct appeal does not reset the habeas counter to zero and a "reentered judgment of conviction and sentence is not subject to challenge in a second habeas motion without regard to earlier motions relating to the original judgment of conviction and sentence.").[5] Based on the law of this circuit, the petitioner must bring all of his existing claims in this petition or risk having them barred as "second or successive" under the AEDPA. United States v. Orozco-Ramirez, 211 F.3d at 867-871. This is not the case in all circuits, however:

---

[5] See also United States. v. Juarez-Sanchez, 223 Fed. Appx. 348 (5th Cir. 2007), where the 5th Circuit emphasized that a dismissal without prejudice does not permit a subsequent filing as a continuation of the first application, citing Graham v. Johnson, 168 F.3d 762, 780 (5th Cir. 1999)("[c]onstruing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.") and Thompson v. United States, 2010 WL 3782028 (E.D. Tex. 2010).

> Where an original motion reinstated a direct appeal, three circuits have held that such a motion should not count as a "first" motion, one over a strong dissent. In re Goddard, 170 F.3d 435, 438 (4th Cir.1999) (divided panel); Shepeck v. United States, 150 F.3d 800, 801 (7th Cir.1998) (per curiam); United States v. Scott, 124 F.3d 1328, 1330 (10th Cir.1997) (per curiam). Meanwhile, if Pratt is counted, two circuits have declined to follow such an automatic rule. United States v. Orozco-Ramirez, 211 F.3d 862, 870 (5th Cir.2000); Pratt, 129 F.3d at 60-63.

Jamison v. United States, 244 F.3d 44, 47 (1st Cir. 2001).

The undersigned finds no authority in this circuit for the solution petitioner suggests. In Orozco, the Fifth Circuit noted the procedure that should be followed to prevent claims being barred as "second and successive":

> Had Orozco-Ramirez included these claims in his *initial* habeas motion, the district court, had it determined to rule on one or more of them and found merit therein, could have granted Orozco-Ramirez a new trial, pretermitting his claim based on counsel's failure to file a notice of appeal, or the district court could have held them in abeyance or dismissed them without prejudice, pending the outcome of his reinstated direct appeal. See Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998); Mack v. Smith, 659 F.2d 23, 26 (5th Cir. Unit A 1981). In the latter event, after his direct appeal, Orozco-Ramirez then could have presented the *previously raised*, but unadjudicated, claims, along with his claim of ineffective assistance of counsel during the out-of-time appeal, to the district court for consideration on the merits.

United States v. Orozco-Ramirez, 211 F.2d 862, 871, fn. 15 (5th Cir. 2000)(Emphasis added).

The petitioner's sole error asserted in his habeas petition – ineffective assistance of counsel for failure to timely appeal – is conceded to be meritorious. However, all existing claims must be brought in the initial habeas petition or risk being found "second and successive" if an out of time appeal is allowed. There is a recognized conflict in the

5

circuits on this issue and the government has made no recommendation concerning the procedure to be followed. Moreover, the petitioner's current counsel was not present at the trial and neither petitioner nor his counsel have received any transcripts of the trial or sentencing to undertake an assessment of what claims may exist. Therefore, under the unique facts of this case and in the interests of justice, the undersigned will allow petitioner an opportunity to review the transcripts of the trial court proceedings and amend his petition to assert all claims . After submission of the amended petition, the government will be given 21 days to file any response, and the petitioner will have 7 days to reply to the response.  At that point, the undersigned will determine whether to recommend the court grant an out-of time appeal (or new trial) if appropriate, and to recommend the disposition of any additional claims whether by holding them in abeyance or dismissing them without prejudice if the out-of time appeal is granted as suggested in United States v. Orozco-Ramirez, 211 F.2d 862, 871, fn. 15 (5th Cir. 2000)

Therefore, considering the foregoing,

**IT IS ORDERED** that petitioner be given a period of 60 days to obtain/review the trial and sentencing transcripts and amend his habeas petition to include all existing claims;

**IT IS FURTHER ORDERED** the government's response, if any, shall be filed no later than 21 days after the amended petition is filed; and

**IT IS FURTHER ORDERED** the petitioner's reply, if any, shall be filed no later

than 7 days after the government's response is filed.

Lafayette, Louisiana, this 6th day of December, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)