UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 08-00074 |
| VERSUS | JUDGE HAIK |
| CHARLES BROOKS | MAGISTRATE JUDGE HANNA |

*REPORT AND RECOMMENDATION*

Before the court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Rec. Doc. 156). In his motion, petitioner argues his counsel was ineffective as he failed to timely file an appeal with the Fifth Circuit Court of Appeals. Petitioner asks the court to reinstate the trial court judgment in order to allow him to seek a direct appeal as outlined in United States v. West, 240 F.3d 456 (5th Cir. 2001).

In addition, petitioner asks the court to hold his habeas petition in abeyance pending the outcome of the appeal, as he is concerned that any habeas petition filed after the ruling of the appellate court will be deemed successive, and foreclose or limit his abilities to raise certain errors.[1] Petitioner explains that recent jurisprudence has made it clear that dismissal without prejudice of a § 2255 motion does not exempt any subsequently filed habeas motion from being deemed successive if any merits were

---

[1] *Memorandum in Support of Motion Under 28 U.S.C. § 2255* (Rec. Doc. 156-1), p. 4, citing United States v. Orozco-Ramirez, 211 F.3d 862, 871 n. 15 (5th Cir. 2000).

1

adjudicated in the first one, as here.[2]  Petitioner argues he is handicapped in bringing all of his potential § 2255 claims "because, unlike the typical § 2255 movant, Mr. Brooks has not had the advantage of having his case initially assessed by an appellate lawyer and has not had an opportunity to review any transcripts of the trial court proceedings, as those have yet to be ordered."[3]

The government in reply agrees with the position of petitioner that he was denied effective assistance of counsel on appeal.  Apparently, through a failure of communication between withdrawing trial counsel, the federal public defender's office, and counsel appointed on appeal, who is representing petitioner in this habeas proceeding, no timely notice of appeal was ever filed.  The government, citing United States v. Tapp, 491 F.3d 263, 265 (5th Cir. 2007), notes that failure to file a requested notice of appeal is *per se* ineffective assistance of counsel.  Therefore, the government also requests the court to grant an out-of-time appeal, reinstate the judgment of conviction on the docket, and advise the defendant to file a notice of appeal timely after reinstatement.[4]

However, the government does not recommend any particular course of action

---

[2] *Reply to Government's Answer to § 2255 Motion* (Rec. Doc. 163), citing United States v. Juarez-Sanchez, 223 Fed. Appx. 348 (5th Cir. 2007) and Thompson v. United States, 2010 WL 3782028 (E.D. Tex. 2010).

[3] *Memorandum in Support of Motion Under 28 U.S.C. § 2255* (Rec. Doc. 156-1), p. 4.

[4] *Answer of the United States to Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255, p. 5-6,* citing Mack v. Smith, 659 F.2d 23, 25 (5th Cir. 1981); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982); United States v. West, 240 F.3d 456, 459-462 (5th Cir. 2001); and United States v. Orozco-Ramirez, 211 F.3d 862, 867 n. 6 (5th Cir. 2000).

with regard to the issue of preserving petitioner's future ability to bring a habeas petition.

*Applicable Law and Discussion*

The Fifth Circuit discussed the jurisprudence surrounding failure to file a timely notice of appeal and ineffective assistance of counsel as follows:

> In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court held that the failure to file a requested NOA is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. Id. at 483-86, 120 S.Ct. 1029. When an attorney fails to file a NOA when requested to do so, then, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. Id. at 477-78, 120 S.Ct. 1029. The Court indicated that it would be unfair to require a litigant to argue in a § 2255 proceeding that his appeal would have had merit. Id. at 486, 120 S.Ct. 1029. Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. Id. at 484, 486, 120 S.Ct. 1029.

United States v. Tapp, 491 F.3d 263 (5th Cir. 2007)(footnotes omitted).

The jurisprudence supports the position of the government and petitioner that his appellate counsel was ineffective for failing to file a timely notice of appeal. Therefore, the undersigned will recommend that the court grant an out-of-time appeal, reinstate the judgment of conviction on the docket, and advise the defendant of his right to file a notice of appeal within 14 days of that reinstatement as outlined in United States v. West, 240 F.3d 456, 459-462 (5th Cir. 2001).

As previously discussed in this court's prior order issued in this case, more problematic is the request by petitioner that his petition be held in abeyance pending the appeal and that he be allowed to amend the petition following completion of the appellate

process. Petitioner is correct that under existing jurisprudence in the Fifth Circuit, it is likely that any § 2255 filed after his appeal will be deemed "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). That is, petitioner will have already had a § 2255 petition that raised an issue of merit – ineffective assistance of counsel for failure to timely appeal – brought and ruled on. See <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 867, fn. 8 (5th Cir. 2000)(Reentering a judgment of conviction to allow an out of time direct appeal does not reset the habeas counter to zero and a "reentered judgment of conviction and sentence is not subject to challenge in a second habeas motion without regard to earlier motions relating to the original judgment of conviction and sentence.").[5] Petitioner also cites to a relatively recent lower court ruling that new claims made in a habeas petition were "second and successive" when one of the claims made in the initial habeas petition was granted and petitioner was allowed an out of time appeal.[6]

In an attempt to preserve petitioner's habeas rights, the undersigned previously ordered petitioner be given a period of 60 days to obtain and review the trial and

---

[5] See also <u>United States. v. Juarez-Sanchez</u>, 223 Fed. Appx. 348 (5th Cir. 2007), where the 5th Circuit emphasized that a dismissal without prejudice does not permit a subsequent filing as a continuation of the first application, citing <u>Graham v. Johnson</u>, 168 F.3d 762, 780 (5th Cir. 1999)("[c]onstruing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.").

[6] <u>Thompson v. United States</u>, 2010 WL 3782028 (E.D. Tex. 2010).

sentencing transcripts and amend his habeas petition to include all existing claims.[7] That time period has passed and petitioner has notified the court that he will not be amending his petition to add any additional claims and asks the court to proceed with a final disposition on his claim that counsel was ineffective for failing to file a notice of appeal.[8]

*Conclusion and Recommendation*

Petitioner's sole error asserted in his habeas petition – ineffective assistance of counsel for failure to timely appeal – is undisputedly meritorious. Therefore,

**IT IS RECOMMENDED** that petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. 156) be **GRANTED** and petitioner be granted an out-of-time appeal, the judgment of conviction be reinstated on the docket, and the defendant be advised of his right to file a notice of appeal within 14 days of the reinstatement under FRAP 4(b)(1)(A).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[7] See *Order* (Rec. Doc. 164).

[8] See *Notice That Petitioner Will Not Be Amending His § 2255 Motion* (Rec. Doc. 173).

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See* <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Lafayette, Louisiana, this 12th day of April, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)